UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEL RICCO D. MORRIS, | ) | CASE NO.  1:20-cv-1702 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN RONALD ERDOS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Amanda M. Knapp, recommending that Del Ricco D. Morris' ("Petitioner") Motion for Stay and Abeyance be denied, that his request to dismiss Grounds Two and Three of his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be granted, and that Ground One of the Petition be denied.  (Doc. No. 14.)  Respondent did not file any objections to the R&R. Respondent did oppose the stay but not the dismissal of Grounds Two and Three.  (Doc. No. 13.) Petitioner timely filed an objection to the R&R pursuant to Fed. R. Civ. P. 72(b)(2).  (Doc. No. 15.)  Respondent did not oppose Petitioner's objection, and the time for doing so under the rule has passed.

For the reasons stated herein, the Court adopts the R&R, denies Petitioner's motion for stay and abeyance, and, with respect to the Petition for a Writ of Habeas Corpus, denies Ground One as procedurally defaulted and dismisses Grounds Two and Three.

I.    **Background**

Following a bench trial, Petitioner was convicted of the following offenses: robbery in violation of R.C. § 2911.01(A)(1) (Count One); robbery in violation of R.C. § 2911.02(A)(1)

(Count Two); robbery in violation of R.C. § 2911.02(A)(2) (Counts Three-Six); robbery in violation of R.C. § 2911.02(A)(3) (Counts Seven-Ten); and kidnapping in violation of R.C. § 2905.01(A)(2) (Counts Eleven-Fourteen), all of which carried firearm specifications.[1]  (Doc. No. 14 at 655.)[2]

On September 13, 2018, Petitioner timely filed a direct appeal to the Ohio Eighth District Court of Appeals raising three assignments of error: a bench trial was not procedurally proper; insufficient evidence supported his convictions; and the convictions were against the manifest weight of the evidence.  (Doc. No. 9-1 at 93.)  All three assignments of error were overruled. (Doc. No. 14 at 656. )

On January 27, 2020, Petitioner submitted a *pro se* petition to vacate or set aside his conviction or sentence pursuant to Ohio Rev. Code § 2953.21 in the Cuyahoga County Court of Common Pleas.  (*Id.*)  Relevant here, Petitioner raised with the state court the following assignment of error:

> **Ineffective Assistance of Counsel.**
> Supporting Facts: Trial counsel did not conduct a reasonable investigation to determine a possible defense, due to trial attorney Michael Cheselka lack of investigation he was unable to cross-exam state witness Steven Kozlowski during trial because he had no knowledge of his prior statement.  Petitioner was denied his right to a fair trial and also denied a right to effective assistance of counsel.

(*Id.* at 657.)

---

[1] The R&R summarizes in greater detail the factual and procedural background of Petitioner's state case.  (*See* Doc. No. 14 at 649-57.)  Neither party has objected to any portion of the R&R's restatement of the state court record.  Under the Antiterrorism and Effective Death Penalty Act of 1998, the facts established in the state courts "shall be presumed to be correct" unless Petitioner rebuts "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  With no effort to rebut the presumption of correctness having been made, the facts established in the state court proceedings are presumed to be correct.

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

His petition was denied on January 28, 2020.  (*Id.*)  No appeal was filed.  (*Id.*)

## II.    Petition for Writ of Habeas Corpus

On July 31, 2020, Petitioner filed his petition for writ of habeas corpus under 28 U.S.C. §

2254, challenging his state court convictions for robbery and kidnapping, all of which carried

firearm specifications.  (Doc. No. 1.)  Petitioner's grounds for relief were as follows:

> **GROUND ONE.**  Ineffective Assistance of Counsel.
> Supporting Facts:  Counsel Michael Cheselka did not cross exam[ine] state witness Steven Kozlowski who made a[n] in-court identification during trial in which the state conviction relied on.  Steven Kozlowski testimony did not corroborate with his original statement, counsel's failure to cross exam[ine] Steven Kozlowski during trial caused prejudice and [a]ffect[ed] the outcome.
>
> **GROUND TWO.**  Insufficient Evidence Supported Appellant's Conviction.
> Supporting Facts: Steven Kozlowski['s] testimony did not corroborate with his original statement.  Co-defendant Rai Shoun Morris testified the police told him the only way to help himself was to blame his brother (Appellant).  Co-defendant Denzel Carr testified his original statement was coerced by Detective Duffy. Denzel also stated in a[n] affidavit Detective Duffy told him if he didn't place blame on someone he would serve 15 years while arrested at Richmond Hts Police Department.
>
> **GROUND THREE.**  Petitioner['s] convictions are against the manifest weight of the evidence.
> Supporting Facts: Witness Steven Kozlowski stated in his original statement that he saw two suspects who robbed his store get into a gold Buick car and he followed them to the freeway.  Evidence proves that while co[-]defendant Denzel Carr was on the freeway petitioner Morris was not in his car.

(Doc. No. 14 at 658 (brackets in original).)

Under Local Rule 72.2, the Court referred the matter to the assigned magistrate judge for

a R&R.  On March 5, 2021, Respondent filed a return of writ raising arguments that Ground One

was procedurally defaulted for failure to fairly present the issue to the state court and Grounds

Two and Three were not exhausted.  (Doc. No. 9 at 34, 47.)  On April 28, 2021, Petitioner timely

submitted his traverse.  (Doc. No. 11.)  In it, Petitioner addressed Respondent's assertion that

Ground One was procedurally defaulted by asserting that the ineffective assistance of appellate

counsel provides cause for Petitioner's failure to properly raise his grounds for relief in state

court proceedings:

> Although petitioner did not raise Ineffective Assistance of Counsel on direct
> appeal, his appellate counsel's failure to raise Ineffective Assistance of Counsel
> constitutes Ineffective Assistance of Appellate Counsel, thereby demonstrating
> cause and prejudice to excuse and procedural default.  See Chase v. Macauley,
> 971 F.3d 582

(*Id*. at 638 (citation and formatting in original).)

On December 27, 2022, Petitioner filed a Motion for Stay or Abeyance or, in the

alternative, dismissal of Grounds Two and Three.  (Doc. No. 12 at 643.)  Respondent opposed

the stay but not the dismissals.  (Doc. No. 13 at 647.)

On June 21, 2023, the R&R was issued.  (Doc. No. 14.)  The R&R recommended

dismissing Ground One because of procedural default, dismissing Grounds Two and Three, and

denying Petitioner's request for a stay.  (*Id*. at 671.)  With respect to Ground One, the R&R

concluded that:

> the Court need not determine whether Mr. Morris' failure to assert the claim in
> Ground One on direct appeal caused a procedural default, or whether the ineffective
> assistance of counsel claim asserted in Ground One was 'fairly presented' in the
> parallel but distinct ineffective assistance of counsel claim in his state
> postconviction petition.  Even if the ineffective assistance of counsel claim in the
> state postconviction petition 'fairly presented' the claim in Ground One, that claim
> was nevertheless procedurally defaulted because Mr. Morris did not appeal the
> denial of that state postconviction petition.

(*Id*. at 667.)  Petitioner's direct appeal did not include an ineffective assistance of counsel claim.

Instead, Petitioner filed a postconviction petition.  But when that petition was denied, he did not

pursue any appeal.  As stated in the R&R, a district court cannot consider claims that have

neither been through all of the state's review procedures nor remain viable under state law.  (*Id*.

at 667 (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).)

Having determined that Petitioner's claim in Ground One was procedurally defaulted, the Magistrate Judge correctly assessed whether either cause or prejudice excused the default.  The R&R recommended that the Court find that procedural default was not excused.  First, Petitioner did not show "cause" for the default because he did not establish any external circumstance that caused his appellate counsel's failure to raise the claim in state court proceedings.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  He also has not petitioned the state court to reopen his direct appeal so that he may raise an ineffective assistance claim to be thoroughly reviewed by state courts.  Thus, the Court cannot conclude, as a matter of law, that his procedural default is excused.  *See Landrum v. Mitchell*, 625 F.3d 905, 916 (6th Cir. 2010).  As for prejudice, the R&R properly noted that excusing procedural default for this reason requires a finding that a "fundamental miscarriage of justice" will result because the Petitioner is actually innocent.  *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).  Petitioner does not attempt to establish his actual innocence.  (*See* Doc Nos. 1, 11, 15.)  *House v. Bell*, 547 U.S. 518, 536-37 (2006) (describing the actual innocence standard).

Petitioner objected to the R&R's recommended disposition of Ground One:

Moreover, I, the Petitioner do acknowledge that the same exact words in the post-Conviction petition weren't used in the Habeas Corpus petition for the Ineffective Assistance of Counsel claim.  But in fact the theories are the same in both petitions the trial counsel is accused of failing to cross-examine the state['s] only credible witness in which their conviction relied on, causing prejudice.  With all due respect to dismiss the entire petition because the same exact words weren't used between two petitions would be a total disregard of law and the constitutional right at stake.

(Doc. No. 15 at 675.)

*De novo* review is reserved for the portions of the report, specified proposed findings, or recommendations to which objection is made.  28 U.S.C. § 636(b)(1); *see also Powell v. United States*, 37 F.3d 1499, at *1 (6th Cir. 1994) (table opinion) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de*

*novo* review by the district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Petitioner's objection does not raise any new argument, nor does it identify any error in the R&R's factual findings or legal conclusions.  Petitioner disputes that his failure to use the "exact words" in both post-conviction petitions should result in a finding that Ground One was not "fairly presented" to the state courts.  But Petitioner does not address that the R&R expressly set aside the issue of wording and "fairly presented" and stated that Ground One was procedurally defaulted because Petitioner failed to appeal the denial of post-conviction relief to the Eighth District Court of Appeals.  (*See* Doc. No. 14 at 667.)  As to cause and prejudice, Petitioner relies on fairness, not external factors or actual innocence.  He also does not assert that the R&R erred in any finding of fact or application of law.  At best, the objection reiterates arguments previously raised in his petition and traverse, all of which were properly considered in the R&R.

Nonetheless, after a careful *de novo* review of the R&R, all of the parties' submissions, and all other relevant documents in the record, the Court finds that the R&R is fully supported by the record and controlling case law.  *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the Court adopts the R&R (Doc. No. 14), denies Petitioner's motion for stay and abeyance (Doc. No. 12), and, with respect to the Petition for Writ of Habeas Corpus, denies Ground One as procedurally defaulted and dismisses Grounds Two and Three (Doc. No. 1).  The

Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: September 12, 2023